UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 14-10951

IN RE:

Rafael Mir
   Debtor
_____/

TRUSTEE'S OBJECTION ON NEGATIVE NOTICE
TO CLAIM #16  FILED BY Russ Darrow Leasing Co.
(Late Proof of Claim, and Laches)

IMPORTANT NOTICE TO CREDITORS

  The Trustee appointed to administer and liquidate the assets of this bankruptcy estate has filed an Objection to Claim in accordance with Bankruptcy Rules 3001 and 3007, a copy of the objection is attached. The Trustee has objected to certain of the claims filed in this bankruptcy proceeding INCLUDING YOUR CLAIM. The Trustee seeks either to disallow your claim in part or in its entirety, to disallow your claim as a secured claim, or to change the priority of the claim so your claim will receive a lower priority than the status you asserted in your proof of claim.
  YOU ARE DIRECTED TO CAREFULLY REVIEW THE OBJECTION TO CLAIM STATED BELOW TO DETERMINE THE TRUSTEE'S RECOMMENDATION AS TO THE DISPOSITION OF YOUR PARTICULAR CLAIM. If you disagree with the Trustee's Objection to Claim, you must file a written response explaining why your claim should be allowed as presently filed, with the Clerk of the United States Bankruptcy Court, 301 North Miami Avenue Room 817, Miami, FL 33128 within thirty (30) days from the date of this notice. A copy of your objection MUST BE MAILED to the Trustee, Nancy K Neidich, Esquire, P.O. Box 279806, Miramar, Florida 33027. YOU MUST INSERT THE CASE NAME AND NUMBER ON ANY WRITTEN RESPONSE.
  If you fail to respond to this notice, the Trustee's objection(s) may be sustained without further notice and hearing, and your claim may be disallowed or allowed as modified in accordance with the Trustee's recommendation relating to your claim.
  PLEASE GOVERN YOURSELF ACCORDINGLY.

  Pursuant to Bankruptcy Rule 3007, the Trustee objects to the following claims(s) filed in this case::

  Nancy N. Herkert, Esq, Standing Chapter 13 Trustee, files this Objection to Claim # 16 filed by Russ Darrow Leasing Co. and states as follows:

  1. The bar date for filing proof of claims was set at July 2, 2014
  2. The claim was filed on January 21, 2015, after the bar date

**Laches as there was no intent to hold the estate liable for an unsecured claim**

The motion for relief from stay was based on the fact that the debtors did not provide for payments in the plan. The claimant did not amend its claim prior to the bar date. Thus the claimant did not evidence an intent to hold the estate liable but to seek payments directly.

The Creditor claims that the unsecured claim arose as the result of the recovery and disposal of the collateral. The original proof of claim did not reflect that there was an unsecured claim but stated that the full amount of the claim was secured. The Trustee has not received evidence that the collateral was sold at the best price available

**Late filed proof of claim**

The filing of a proof of claim in Chapter 13 is governed by Federal Rules of Bankruptcy Procedure (Rule) 3002. An unsecured creditor must file a timely proof of claim to hold an allowed unsecured claim pursuant to Rule 3002(a). In addition, Rule 3002(c) requires that proof of claim must be filed not later than 90 days after the first date set for the meeting of creditors. These Rules do provide for five (5) specific exceptions, none of which apply in this case. Rule 9006(b)(3) specifically limits the conditions under which the courts may enlarge the time for filing a proof of claim to those five specific exceptions listed in Rules 3002(c). Accordingly, the Court is unable to extend the bar date pursuant to the Rules.

In fact, when the Supreme Court found excusable neglect for the late filing of a proof of claim in a Chapter 11, it excluded Chapter 13 and Chapter 7 from its findings. <u>Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 113 S.Ct. 1489, 1505, 123 L.Ed.2d 74, (U.S.Tenn. 1993), Footnote 4 states:

> "The time-computation and time-extension provisions of Rule 9006, like those of Federal Rule of Civil Procedure 6, are generally applicable to any time requirement found elsewhere in the rules unless expressly excepted. Subsections (b)(2) and (b)(3) of Rule 9006 enumerate those time requirements excluded from the operation of the "excusable neglect" standard. One of the time requirements listed as excepted in Rule 9006(b)(3) is that governing the filing of proofs of claim in Chapter 7 cases. Such filings are governed exclusively by Rule 3002(c). See Rule 9006(b)(3); By contrast, Rule 9006(b) does not make a similar exception for Rule 3003(c), which, as noted earlier, establishes the time requirements for proofs of claim in Chapter 11 cases. Consequently, Rule 9006(b)(1) must be construed to govern the permissibility of late filings in Chapter 11 bankruptcies." <u>Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 113 S.Ct. 1489, 1505, 123 L.Ed.2d 74, (U.S.Tenn. 1993)

The Rules governing proof of claims in Chapter 7 are the same as those governing in Chapter 13. Consequently, the Supreme Court's analysis would be applied in a Chapter 13. Just as in a Chapter 7 case, a Chapter 13 case has a finite period of existence. If a unsecured creditor filed a proof of claim after the distribution of funds has begun to creditors, it would create an administrative burden on the Trustee to re-calculate the pro rata percentage due to each creditor. Furthermore, the Trustee may be required to seek a return of funds from creditors already paid or to seek an increase in the debtor's payments to pay the late claim's pro rata share.

WHEREFORE, the Trustee requests that this Court strike and disallow the claim as it was filed after the bar date

I hereby certify that on the same date the objection was filed with the Court a true and correct copy of the foregoing objection to claim was served through NEF on the debtor's attorney and, if any, attorney for the creditor who has made an appearance in addition by US Mail to:

**Russ Darrow Leasing Co, Inc.**
**Att: Nicole M. Pieper**
**POB 871**
**Menomonee Falls, WI 53051**

and by certified mail return receipt to

Russ M Darrow Jr
Registered agent
C/O Russ Darrow Group
W133n8569 Executive Pkwy
Menomonee Falls, WI 53051

Submitted by:
NANCY N. HERKERT, ESQ
CHAPTER 13 TRUSTEE
_____/s/_____
AMY E. CARRINGTON
FLORIDA BAR NO: 0101877
P.O. BOX 279806
MIRAMAR, FL 33027
(954) 443-4402